**In re Anonymous No. 6 D.B. 93**

Disciplinary Board Docket no. 6 D.B. 93.

*Hearing Committee,* May 26, 1994—

## FINDINGS OF FACT

(1) Respondent was admitted to the practice of law in the Commonwealth of Pennsylvania in 1980. His office is located at [    ]. His home is located at [    ].

(2) On October 10, 1989, [A] retained respondent to initiate legal proceedings seeking the appointment of [A] as guardian of his stepfather's estate.

(3) Respondent had not previously represented [A].

(4) According to the oral fee arrangement, [A] was to pay a $1,000 retainer in exchange for which respondent would immediately initiate the guardianship proceeding.

(5) [A] immediately paid respondent $1,000.

(6) Respondent failed to communicate to [A] in writing the rate or basis of the fee.

(7) Between October 1989 and May 1990 [A] frequently contacted respondent for advice on the practical management of his stepfather's estate.

(8) Nevertheless, respondent failed to initiate guardianship proceedings as he had agreed to do.

(9) In June 1990, [A] contacted respondent with a set of papers which had been served upon him summoning him and his stepfather to a habeas corpus proceeding in [    ] to be held in July 1990.

(10) At that time, respondent agreed to represent [A] in court on the matter.

(11) Thereafter, respondent became unavailable to [A].

(12) [A] attended the scheduled hearing in July 1990, unrepresented, and was ordered to relinquish his stepfather.

(13) When [A] returned from the hearing, he discovered a message on his answering machine from respondent informing him that respondent would be unable to attend the hearing because of sickness.

(14) Thereafter, [A] repeatedly and unsuccessfully attempted to contact respondent for advice on the next step in the proceedings.

(15) Respondent failed to contact [A] until May 1993 when he returned the retainer.

(16) From July 1987 through March 1989, respondent maintained funds in [B] account no. [    ] entitled "[respondent], Esquire, escrow account."

(17) By letter dated January 25, 1989 to the Disciplinary Board, respondent reported that he had utilized that account to hold funds of a client, in a fiduciary capacity or as an escrow agent from May 1987 through May 1988.

(18) From July 1987 through January 1988, respondent utilized this account both to satisfy his personal obligations and to safeguard his client funds.

(19) After the initial contact between counsel and [respondent] in [respondent's] [    ] office, all other contact was in [    ], including further client contact, and court proceedings were in [    ].

(20) [Respondent] and the complaining party are [    ] residents, and the escrow transactions were for [    ] real estate.

(21) The Disciplinary Counsel did not allege or prove any defalcation of funds from the bank account.

## CONCLUSIONS OF LAW

(1) Pennsylvania's contacts with this matter are at best minimal and [respondent's] conduct as a Pennsylvania attorney ceased and ended within a short period of time from the start of representation.

(2) During [respondent's] activities as a Pennsylvania attorney he violated R.P.C. 1.5(b) by failing to inform his client in writing of the rate or basis for his legal services to be rendered.

## DECISION

The Hearing Committee recommends that [respondent] receive a public reprimand.

## AMENDMENT TO DECISION OF HEARING BOARD COMMITTEE

July 11, 1994—The Hearing Committee recommends that [respondent] receive a private reprimand.

## ORDER

And now, October 7, 1994, upon consideration of the report and amendment to the report filed by Hearing Committee [   ]; it is hereby ordered that the said [respondent] of [   ] be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(a)(5) of the Pennsylvania Rules of Disciplinary Enforcement. Costs are to be paid by the respondent.